UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| REAL SAFE AGENT, INC. f/k/a MALTESE GROUP, INC. and d/b/a REAL SAFE AGENT | |
| Plaintiff, | Civil Action No. |
| v. | 1:17-cv-975 |
| REAL SAFE TECHNOLOGIES, INC. and REALSAF, LLC d/b/a REALSAFE LLC WYOMING | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND TRADEMARK DILUTION AND TRADEMARK CANCELLATION**

The kidnapping and murder of Beverly Carter, an Arkansas real estate agent, resulted in the development of several technologies and smartphone apps designed to help protect real estate agents in the field. A recognized leader in this field is Plaintiff, Real Safe Agent, Inc. ("RSA"), which developed and markets the Real Safe Agent security system. Plaintiffs were receiving pre-release publicity for the Real Safe Agent as early as January 2015[1] and launched the Real Safe Agent app and security system in May 2015. The Real Safe Agent system developed by RSA has been featured in numerous real estate publications since 2015 demonstrating its growing brand and trademark recognition.[2] RSA markets the Real Safe Agent system to real estate associations

---

[1] Affidavit of Lee Goldstein, attached hereto as Exh. A. *See* Andrea V. Brambila, *Agent Safety Apps Leverage Real Estate Community*, Inman News (January 29, 2015), https://www.inman.com/2015/01/29/agent-safety-apps-leverage-real-estate-community/ (last visited October 12, 2017).

[2] Affidavit of Lee Goldstein, attached hereto as Exh. A. *See* Tracey Velt, *Stay Safe: Safety Class and Study Announced*, Real Trends (September 9, 2015), https://www.realtrends.com/blog/stay-safe-safety-class-and-study-announced (last visited October 12, 2017);

and MLS groups to be used as a member benefit. Since its launch in 2015, the Real Safe Agent system has been used by numerous real estate associations, MLS groups and even title companies across the country and is currently being employed by over 75,000 real estate agents nationwide.[3] Based on this widespread recognition in the real estate industry, the REAL SAFE mark has come to be strongly associated with Real Safe Agent, Inc. and the Real Safe Agent security system establishing itself as a famous mark in the real estate industry. On July 24, 2017, Real Safe Agent, Inc. (while still known as Maltese Group, Inc.) filed U.S. Trademark application no. 87535617 for REALSAFE in Class 036 for real estate agency services claiming a date of first use of January 2, 2015. It also filed an intent to use application on August 4, 2017 (Ser. No. 87556513) in class 009 for computer software for crime prevention in schools and campuses.

In October 2016, after seeing the success of Real Safe Agent, Realsaf, LLC filed a its articles of organization with the Wyoming Secretary of State listing its principal place of business as 1303 Avocado Avenue, Suite 110, Newport Beach, CA 92660 and a mailing address

---

*The Best Tools For Real Estate Agent Safety*, HMS Home Warranty (February 20, 2015), https://www.hmsnational.com/real-estate-professional/blog/the-best-tools-for-real-estate-agent-safety (last visited October 12, 2017);

Jacy RiedmannI, *Real Safe Agent*, The Geeky Girls (January 23, 2016), http://www.thegeekygirls.com/2016/01/23/real-safe-agent/ (last visited October 12, 2017).
[3] Affidavit of Lee Goldstein, attached hereto as Exh. A. *See LIBOR and BNAR Deploy Real Safe Agent*, Council of Multiple Listing Services (May 22, 2017), https://www.councilofmls.org/news/346348/LIBOR-And-BNAR-Deploy-Real-Safe-Agent.htm (last visited October 12, 2017);

Gill South, *Real Safe Agent System Gaining Traction With Realtor Associations*, Inman News (May 22, 2017), https://www.inman.com/2017/05/22/real-safe-agent-system-gaining-traction-with-realtor-associations/ (last visited October 12, 2017);

Lee Goldstein, *Title Company Buys Real Safe Agent for Entire Association*, Active Rain (March 30, 2017), http://activerain.com/blogsview/5040267/title-company-buys-real-safe-agent-for-entire-association (last visited October 12, 2017);

Carl DeMusz, *Welcome to Autumn 2016*, Northern Ohio Regional Multiple Listing Service Newsletter (Vol. 22, Iss. 4, Oct-Dec 2016) http://www.normls.com/Lit_Forms/communications/newsletters/2016/Q4/Connection_final.html (last visited October 12, 2017).

---

of P.O. Box 8653, Newport Beach, CA 92658. Real Safe Technologies, Inc. was incorporated in Delaware on December 19, 2016 and uses the same addresses.

On October 25, 2016, Realsaf, LLC filed an intent to use U.S. Trademark application, serial no. 8721523, for the mark REAL SAFE. In the description of goods and services, Realsaf, LLC claims "installation, maintenance and repair of cell phone related hardware" under Class 037 and "installation, maintenance, and repair of cell phone related software" under Class 042. On that same day, Real Safe Technologies, Inc. filed an intent to use U.S. Trademark application, serial no. 87215161, for the mark REALSAFE listing the same descriptions of gods and services but also showing date of first use as January 1, 2017 and date of first use in commerce as May 1, 2017. No mention is made in either application that the applicant intended to sell computer software under Class 009 or was in any way related to real estate services under Class 036.

In September 2017, Real Safe Technologies, Inc. released its RealSafe app to the public in direct competition with Real Safe Agent. It is clear that Realsaf, LLC and Real Safe Technologies, Inc. are trading on the goodwill of Real Safe Agent and attempting to steer market share away from Real Safe Agent in violation Texas and Federal unfair competition laws. On October 3, 2017, Phyllis Lamken, attorney for Real Safe Technologies, Inc. sent a cease and desist letter to Real Safe Agent, Inc. claiming infringement of her client's mark RealSafe and threatening to file oppositions to the pending trademark applications of Real Safe Agent, Inc. On October 5, 2017, Chris Risi, co-founder of Real Safe Technologies, Inc. filed a request with Apple to have the Real Safe Agent app removed from the iTunes store claiming trademark infringement. On October 11, 2017, Mr. Risi filed a similar complaint with Google to have the app removed from the Google Play app store.

To stop these unlawful attempts to trade on the goodwill of Real Safe Agent, Inc., infringe and dilute its trademarks, and interfere with its lawful business, Real Safe Agent, Inc. f/k/a Maltese Group, Inc. complains of Defendants Real Safe Technologies, Inc. and Realsaf, LLC d/b/a RealSafe, LLC Wyoming and alleges as follows:

## SUBJECT MATTER JURISDICTION

1. This is an action for trademark cancellation under 15 U.S.C. §1119, false designation and dilution under 15 U.S.C. §1125, civil liability for false or fraudulent registration under 15 U.S.C. §1120, trademark infringement and fraudulent registration under the Tex. Bus. & Comm. Code, Chapter 16, common law trademark infringement, common law unfair competition and tortious interference with existing and prospective business relationships

2. This Court has subject matter jurisdiction over the Real Safe Agent, Inc.'s Lanham Act claims under 15 U.S.C. §1121 and 28 U.S.C. §§1331and 1338(a).

3. This Court has supplemental jurisdiction over Real Safe Agent's pendent state law claims pursuant to 28 U.S.C. § 1367 in that the state law claims are integrally interrelated with Real Safe Agent, Inc.'s federal claims and arise from a common nucleus of operative facts such that the administration of its state law claims with its federal claims furthers the interest of judicial economy.

## THE PARTIES

4. Plaintiff Real Safe Agent, Inc. f/k/a Maltese Group, Inc. is a Texas corporation with a principal business address of 7801 N. Capital of Texas Hwy., Suite 390, Austin, Texas 78731.

5. On information and belief, Defendant Real Safe Technologies, Inc. is a Delaware corporation with a principal place of business as 1303 Avocado Avenue, Suite 110, Newport

Beach, CA 92660 that may be served through its registered agent, Harvard Business Services, Inc., 16192 Coastal Hwy., Lewes, DE 19958.

6.      On information and belief, Defendant Realsaf, LLC d/b/a Real Safe LLC Wyoming is a Wyoming limited liability company with a principal place of business as 1303 Avocado Avenue, Suite 110, Newport Beach, CA 92660 that may be served through its registered agent, Wyoming EZ Corp., 2232 Dell Range Blvd., Suite 245, Cheyenne, WY 82009.

## PERSONAL JURISDICTION AND VENUE

7.    This Court has personal jurisdiction over Defendants because Defendants regularly conduct business in this judicial district by advertising its RealSafe app in this judicial district.

8.    Defendant has sold, offers to sell, and continues to sell and offer to sell its RealSafe app to consumers directly through its website, http://www.realsafeapp.com and through the Apple and Google app stores.

9.    Defendant has taken action aimed directly at interfering with the business relationships and pending trademark applications of Plaintiff in this judicial district, thus a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

10. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b).

## COUNT I

### Cancellation Of Defendants REAL SAFE And REALSAFE Trademarks - 15 U.S.C. § 1119

11.      The allegations set forth in the foregoing paragraphs 1 through 10 are hereby realleged and incorporated herein by reference.

12.      Plaintiff has been using the Real Safe trademark in commerce since January 2015, specifically in conjunction with its Real Safe agent security system. The continued use of the

REAL SAFE mark by Plaintiff has led to national recognition of Plaintiff's Real Safe Agent app and consumers have come to associate Real Safe with Plaintiff.

13. The registration of REAL SAFE and REALSAFE by Defendants was done intentionally to trade on the goodwill of Plaintiffs and to intentionally cause confusion among consumers between the apps of Plaintiff and Defendants.

14. Defendants' use of the REAL SAFE and REALSAFE marks is likely to cause and has caused confusion, mistake or deception as to the affiliation, connection or association of the Defendants apps with Plaintiff and its goodwill.

15. Defendants' actions constitute knowing, deliberate and willful infringement of Plaintiff's common law trademarks and pending trademark applications.

16. As a result of Defendants' intentional and malicious acts, Plaintiff has suffered and will continue to suffer substantial damages as well as the continuing loss of goodwill and reputation established by Plaintiff, an irreparable injury with no adequate remedy at law. Real Safe Agent, Inc. will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct and issues an order to cancel Defendants' trademarks.

## COUNT II

## False Designation and Dilution - 15 U.S.C. § 1125

17. The allegations set forth in the foregoing paragraphs 1 through 16 are hereby realleged and incorporated herein by reference.

18. Plaintiff has worked diligently since early 2015 to build the REAL SAFE brand and reputation. As a result, Plaintiff is considered a leader in the real estate industry nationwide for real estate agent safety solutions and systems.

19. Defendant intentionally, knowingly and willfully began using the REAL SAFE and REALSAFE marks to trade off the goodwill and brand recognition of Plaintiff. Defendant companies were not incorporated until Plaintiff had become widely recognized in the real estate industry. Defendants purposefully sought registration of the REAL SAFE and REALSAFE marks, albeit using misleading descriptions of goods and services, to use those marks to try and interfere or shut down Plaintiff's lawful business.

20. Defendants have used and continue to use the REAL SAFE and REALSAFE marks to mislead the consuming public as to the source of its app, attempting to trade off Plaintiff's goodwill. Defendants' continued use of the REAL SAFE and REALSAFE marks is likely to cause and has caused confusion, mistake or deception as to the affiliation, connection or association of the Defendants apps with Plaintiff and its goodwill.

21. Defendants' continued use of the REAL SAFE and REALSAFE marks is likely to impair the distinctiveness of Plaintiff's mark or harm the reputation of Plaintiff.

22. Defendants' actions are knowing, deliberate and willful.

23. As a result of Defendants' intentional and malicious acts, Plaintiff has suffered and will continue to suffer substantial damages as well as the continuing loss of goodwill and reputation established by Plaintiff, an irreparable injury with no adequate remedy at law. Real Safe Agent, Inc. will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## COUNT III

### False or Fraudulent Registration - 15 U.S.C. § 1120

24. The allegations set forth in the foregoing paragraphs 1 through 23 are hereby realleged and incorporated herein by reference.

25. Defendants purposefully sought registration of the REAL SAFE and REALSAFE marks using misleading descriptions of goods and services, to use those marks to try and interfere or shut down Plaintiff's lawful business.

26. By filing its registrations under deceptive descriptions of goods and services and in classes unassociated with their current use, Defendants' intentionally and willfully filed false or fraudulent representations in order to obtain its trademark registrations.

27. Defendants' actions are knowing, deliberate and willful.

28. As a result of Defendants' false or fraudulent acts in procuring its trademarks, Plaintiff has suffered and will continue to suffer substantial damages as well as the continuing loss of goodwill and reputation established by Plaintiff, an irreparable injury with no adequate remedy at law. Real Safe Agent, Inc. will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

<u>**COUNT IV**</u>

<u>**Common Law Trademark Infringement**</u>

29. The allegations set forth in the foregoing paragraphs 1 through 28 are hereby realleged and incorporated herein by reference.

30. Plaintiff has worked diligently since early 2015 to build the REAL SAFE brand and reputation. As a result, Plaintiff is considered a leader in the real estate industry nationwide for real estate agent safety solutions and systems.

31. Defendant intentionally, knowingly and willfully began using the REAL SAFE and REALSAFE marks to trade off the goodwill and brand recognition of Plaintiff. Defendant companies were not incorporated until Plaintiff had become widely recognized in the real estate industry. Defendants purposefully sought registration of the REAL SAFE and REALSAFE

marks, albeit using misleading descriptions of goods and services, to use those marks to try and interfere or shut down Plaintiff's lawful business.

32. Defendants have used and continue to use the REAL SAFE and REALSAFE marks to mislead the consuming public as to the source of its app, attempting to trade off Plaintiff's goodwill and in violation of Plaintiff's common law trademark rights. Defendants' continued infringement of Plaintiff's common law trademark is likely to cause and has caused confusion, mistake or deception as to the affiliation, connection or association of the Defendants apps with Plaintiff and its goodwill.

33. Defendants' actions are knowing, deliberate and willful.

34. As a result of Defendants' intentional and malicious acts, Plaintiff has suffered and will continue to suffer substantial damages as well as the continuing loss of goodwill and reputation established by Plaintiff, an irreparable injury with no adequate remedy at law. Real Safe Agent, Inc. will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## COUNT V

## Unfair Competition

35. The allegations set forth in the foregoing paragraphs 1 through 34 are hereby realleged and incorporated herein by reference.

36. Plaintiff has worked diligently since early 2015 to build the REAL SAFE brand and reputation, investing considerable time, labor, skill and money. As a result, Plaintiff is considered a leader in the real estate industry nationwide for real estate agent safety solutions and systems.

37. Defendant intentionally, knowingly and willfully began using the REAL SAFE and REALSAFE marks to trade off the goodwill and brand recognition of Plaintiff. Defendant companies were not incorporated until Plaintiff had become widely recognized in the real estate industry. Defendants purposefully sought registration of the REAL SAFE and REALSAFE marks, albeit using misleading descriptions of goods and services, to use those marks to try and interfere or shut down Plaintiff's lawful business.

38. Defendants have used and continue to use the REAL SAFE and REALSAFE marks to mislead the consuming public as to the source of its app and attempting to gain a free ride in the market off Plaintiff's goodwill.

39. Defendants' actions are knowing, deliberate and willful.

40. As a result of Defendants' intentional and malicious acts, Plaintiff has suffered and will continue to suffer substantial damages as well as the continuing loss of goodwill and reputation established by Plaintiff, an irreparable injury with no adequate remedy at law. Real Safe Agent, Inc. will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## <u>COUNT VI</u>

### <u>Tortious Interference with Existing Business Relationships</u>

41. The allegations set forth in the foregoing paragraphs 1 through 40 are hereby realleged and incorporated herein by reference.

42. Plaintiff has worked diligently since early 2015 to build the REAL SAFE brand and reputation. As a result, Plaintiff is considered a leader in the real estate industry nationwide for real estate agent safety solutions and systems. Plaintiffs Real Safe Agent app has been made available on the Apple and Google Play app stores since May 2015.

43. Defendants have now contacted Apple and Google falsely claiming that Plaintiff is infringing Defendants' fraudulently obtained and intentionally confusing trademarks in an effort to have Plaintiff's Real Safe Agent removed from those app stores.

44. Defendants' actions are knowing, deliberate and willful attempts to interfere in Plaintiff's existing business relationships with Apple, Google, and the dozens of real estate associations and MLS groups that have purchased the Real Safe Agent app and provided it to the over 75,000 real estate agents across the country.

45. As a result of Defendants' intentional and malicious acts, Plaintiff has suffered and will continue to suffer substantial damages as well as the continuing loss of goodwill and reputation established by Plaintiff, an irreparable injury with no adequate remedy at law. Real Safe Agent, Inc. will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

46. Plaintiff's injuries further resulted from defendant's gross negligence, malice, or actual fraud, which entitles plaintiff to exemplary damages under Texas Civil Practices & Remedies Code § 41.003(a).

## **JURY DEMAND**

47. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Real Safe Agent, Inc. requests a jury trial of all issues that may be tried to a jury in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment:

a.      that Defendant has filed and attempted to register U.S.. Trademark Serial No. 8721523, for the mark REAL SAFE and  Serial No. 87215161, for the mark REALSAFE fraudulently;

---

b.    Entry of an order cancelling U.S. Trademark Serial No. 8721523, for the mark REAL SAFE and  Serial No. 87215161, for the mark REALSAFE

c.    Entry of an order (on a preliminary and permanent basis) requiring that Defendants and their officers, agents, servants, employees, attorneys and all those persons in active concern or participation with Defendants; be enjoined and restrained from:

    a.    Contacting Apple, Google or any other app store or third party  requesting removal of Plaitniff's app  or disparaging Plaintiff's reputation;

    b.    Taking any further action that could interfere with Plaintiff's business;

    c.    Filing any opposition to Plaintiff's pending trademark applications;

    d.    Using or displaying the REAL SAFE or REALSAFE marks on any software product, smartphone application, or any safety or security system that would include an electronic component such as an app or software;

    e.    Doing any act or thing calculated to or likely to cause confusion or mistake or deceive in the minds of consumers as to the source or products or services offered for sale, distributed, or sold such that such consumers would believe there is some connection between Plaintiff and Defendants.;

    f.    Taking any action which will or is likely to blur, tarnish, or dilute Plaintiff's trademarks;

d.    Ordering Defendants to take all steps necessary to cancel any state or local business registrations, including any corporate name registrations or dba filings that include REAL SAFE or REALSAFE or a confusing variation of such,

including REALSAF or to amend any such filings to change or remove such names,

e.       Ordering that Defendant provide an accounting of profits made as a result of Defendants' unlawful conduct;

f.       Ordering Defendants pay a judgment in the amount of Real Safe Agent, Inc.'s actual damages as well as the amount of Defendant's profits from its unlawful conduct in an amount to be proven at trial including pre and post judgment interest;

g.       Ordering Defendant to pay Plaintiff's reasonable and necessary attorney's fees, costs and expenses;

h.       Ordering Defendants to pay a judgment for enhanced or exemplary damages as allowed under federal or Texas law as appropriate for its intentional and willful misconduct;

i.       Granting Plaintiff any and all such other relief as the court deems just and equitable.

Dated:  October 12, 2017            THE FOWLER LAW FIRM, P.C.

*/s/ Michael J. Smith*
Michael J. Smith
Texas State Bar No.24037517
8310 N. Capital of Texas Hwy., Suite 1-150
Austin, Texas 78731
Telephone: 512.441.1411
Facsimile: 512.469.2975
Email: msmith@thefowlerlawfirm.com

*Attorney for Plaintiff*
*Real Safe Agent, Inc.*

STATE OF *Nevada*              §
                              §
COUNTY OF *Washoe*            §

BEFORE ME, the undersigned authority, personally appeared LEE GOLDSTEIN who, being by me duly sworn, deposed as follows:

My name is LEE GOLDSTEIN. I am of sound mind and capable of making this affidavit, and personally acquainted with the facts herein stated.

I am the founder and CEO of Real Safe Agent, Inc. f/k/a Maltese Group, Inc.

Real Safe Agent, Inc. began marketing the Real Safe Agent security system and smartphone apps as early as January 2015 and launched the system in May 2015.

Real Safe Agent, Inc. markets the Real Safe Agent system to real estate associations and MLS groups across the United States and the system is currently being provided to real estate agents in Texas, New York, Ohio, Alabama, Arkansas,

At the current time, the Real Safe Agent system is being used by over 75,000 real estate agents across the country.

Since its inception, the Real Safe Agent system has been widely recognized as a leading real estate agent safety program and has been featured in numerous real estate trade publications and elsewhere.

In October 2016, Defendant Realsaf, LLC organized itself as a Wyoming limited liability company and filed for federal trademark protection for the mark REAL SAFE for "Installation, maintenance and repair of cell phone related" hardware and software. The trademark application indicates that it was filed as an "intent to use" application, indicating the mark had not yet been used in commerce.

In September 2017, Real Safe Technologies, Inc., a company apparently related to Realsaf, LLC, launched a RealSafe realtor safety app in direct competition with the Real Safe Agent system developed and launched in 2015 by my company.

On October 3, 2017, attorney Phyllis Lamken sent a cease and desist letter to my registered agent advising that our use of Real Safe is infringing on the trademark of Real Safe Technologies, Inc.

Chris Risi, co-founder of Real Safe Technologies, Inc., has also filed requests with Apple (October 5, 2017) and Google (October 11, 2017) requesting that my company's Real Safe Agent app be removed from the iTunes app store and the Google Play app stores claiming our Real Safe Agent system infringes their mark and causes confusion for someone searching for their app.

These activities by Realsaf, LLC and Real Safe Technologies, Inc. are a direct threat to my company and our business. We have worked diligently over the past two and a half years to build our brand and reputation using the Real Safe name. In addition to Real Safe Agent, we have developed Real Safe Campus for college campuses, and are developing Real Safe Schools as a crime prevention system for schools.

Affidavit – Michael J. Smith                                                    1

Realsaf, LLC and Real Safe Technologies, Inc., as the later players to the market, are attempting to confuse consumers and steal market share from Real Safe Agent, Inc. and are violating the goodwill we have built in the real estate industry. In the one month that their competing app has been on the market, I have received communications from consumers expressing confusion between the two companies and the two apps.

If allowed to continue trying to have our apps removed from app stores, Realsaf, LLC and Real Safe Technologies, Inc. will cause Real Safe Agent, Inc. irreparable harm and damage for which there is no adequate remedy at law. Realsaf, LLC and Real Technologies, Inc. must be enjoined from any further activities that interfere with the legitimate business of Real Safe Agent, Inc.

_____
Lee Goldstein

SWORN TO and SUBSCRIBED before me by Lee Goldstein this 10th day of October, 2017.

_____
Notary Public in and for the State of NV

My commission expires: 10/09/2018

SHAMEEN SOLOMON
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-09-18
Certificate No: 15-1001-2