IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REAL SAFE AGENT, INC. f/k/a | § | |
| MALTESE GROUP, INC. | § | |
| and d/b/a REAL SAFE AGENT | § | |
| | § | |
| v. | § | A-17-CA-975 LY |
| | § | |
| REAL SAFE TECHNOLOGIES, INC. and | § | |
| REALSAF, LLC d/b/a REALSAFE LLC | § | |
| WYOMING | § | |

**ORDER**

Before the Court are Plaintiff Real Safe Agent, Inc.'s Motion for Leave to Conduct Discovery as to Jurisdiction (Dkt. No. 14); and Real Safe Technologies' Response in Opposition (Dkt. No. 15). The District Court referred the above-motions to the undersigned Magistrate Judge for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules.

**I. GENERAL BACKGROUND**

This is a trademark case. Plaintiff Real Safe Agent f/k/a Maltese Group, Inc., is a Texas corporation with its principal place of business in Austin, Texas. Defendant Real Safe Technologies, Inc., is a Delaware corporation with its principal place business in New Port Beach, California. Defendant Realsaf LLC d/b/a Real Safe LLC Wyoming, is a Wyoming corporation with its principal place of business at the same address as Defendant Real Safe Technologies in Newport Beach, California.

In May 2015, Plaintiff Real Safe Agent, Inc., (RSA), launched the Real Safe Agent security system and app, which is designed to help protect real estate agents in the field. On July 24, 2017, RSA filed U.S. Trademark Application No. 8753561 for REALSAFE in Class 036 for real estate

agency services claiming a date of first use of January 2, 2015. RSA also filed an intent to use trademark application on August 4, 2017, in Class 009 for computer software for crime prevention in schools and on campuses.

In October 2016, Realsaf, LLC, filed its Articles of Incorporation with the Wyoming Secretary of State. On October 25, 2016, Realsaf, LLC, filed its intent to use U.S. Trademark Application No. 8721523 for the mark REAL SAFE. In the description of goods and services, Realsaf, LLC claims "installation, maintenance and repair of cell phone related hardware" under Class 037 and "installation, maintenance, and repair of cell phone related software" under Class 042. On that same day, Real Safe Technologies, Inc., filed an intent to use U.S. Trademark Application, No. 87215161, for the mark REALSAFE listing the same descriptions of goods and services but also showing date of first use as January 1, 2017, and date of first use in commerce as May 1, 2017.

In September 2017, Real Safe Technologies, Inc., released its RealSafe app to the public. Real Safe Agent contends that this app is in direct competition with Real Safe Agent. On October 3, 2017, Phyllis Lamken, attorney for Real Safe Technologies, Inc. sent a cease and desist letter to Real Safe Agent, Inc., claiming infringement of her client's mark RealSafe and threatening to file oppositions to the pending trademark applications of Real Safe Agent, Inc. On October 5, 2017, Chris Risi, co-founder of Real Safe Technologies, Inc. filed a request with Apple to have the Real Safe Agent app removed from the iTunes store claiming trademark infringement. On October 11, 2017, Mr. Risi filed a similar complaint with Google to have the app removed from the Google Play app store.

Plaintiff Real Safe Agent, Inc., brings claims for false designation and dilution under 15 U.S.C. §1125, trademark infringement and fraudulent registration under the Tex. Bus. & Comm.

Code, Chapter 16, common law trademark infringement, common law unfair competition and tortious interference with existing and prospective business relationships. Defendants have moved to dismiss this case for lack of personal jurisdiction. Plaintiff RSA has failed to respond to the motion to dismiss, and instead has filed this Motion for Leave to Conduct Discovery as to Jurisdiction. Defendants oppose the motion, asserting that RSA has failed to identify particular discovery that, if produced, would support jurisdiction; RSA's discovery requests are too broad; and RSA's request for discovery should be denied as an untimely response to Defendant's First Motion to Dismiss, because RSA instead filed an Amended Complaint, which did not cure any jurisdictional pleading deficiencies.

## II. STANDARD OF REVIEW

To support a request for jurisdictional discovery, Plaintiff must first make "a preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). A preliminary showing does not require proof that personal jurisdiction exists, but "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Id.* (internal citation omitted). In other words, Plaintiff must state the facts that discovery is expected to uncover, and how those facts would support personal jurisdiction. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). "'If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained.'" *Fielding*, 415 F.3d at 429 (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)). In the course of making necessary findings of jurisdictional fact, the Court has broad discretion to permit a party to conduct jurisdictional discovery. *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir.1982).

3

In the Amended Comlaint, RSA alleges that the Court has personal jurisdiction over Defendants because:

> . . . Defendants regularly conduct business in this judicial district by advertising its RealSafe app in this judicial district.
>
> Defendant has sold, offers to sell, and continues to sell and offer to sell its RealSafe app to consumers directly through its website, http://www.realsafeapp.com and through the Apple and Google app stores.
>
> Defendant has taken action aimed directly at interfering with the business relationships and pending trademark applications of Plaintiff in this judicial district, thus a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

Dkt. No. 11 at ¶¶ 7-9. In its First Amended Complaint, RSA also requests leave of Court to pursue limited discovery on the issue of personal jurisdiction. Specifically, RSA requests discovery into Defendants' online activities.

### III. ANALYSIS

In support of its need to do discovery, RSA argues that:

> Defendants' RealSafe app is available on the Apple iTunes app store and the Google Play app store. Both of these platforms are available on a nationwide basis including Texas and this judicial district making it reasonable to believe that it has been downloaded by Texas residents. Further, Defendants' website, www.realsafeapp.com is also available nationwide including Texas and this judicial district.

Dkt. No. 14 at 1-2. Thus, RSA argues, "limited discovery into what online activities may be directed at the forum state should be permitted." *Id.* at 2. Defendants note that there is a large body of case law holding that it is appropriate to deny jurisdictional discovery if there are sworn declarations offered by the non-movant that refute the information a plaintiff claims discovery may reveal.

*ETS-Lindgren, Inc. v. MVG, Inc.*, 2015 WL 6756186, *5-*6 (W.D. Tex. 2015).[1] Suggesting that such a situation exists here, Defendants point to their motion to dismiss, which included the declaration of Joseph Risi, the founder and manager of RealSaf, LLC. In his declaration Risi addressed the very issue Plaintiff claims it needs to do discovery on, noting that as of the date of his declaration (October 30, 2017) "there is no indication that the RealSafe Application has ever been downloaded from a location in Texas or a Texas resident." Dkt. No. 12-1 at ¶ 17. He further explains that there is a "Central Safety Monitoring Service" (CMS), which works with the app, and states that "no user residing or otherwise located in Texas has purchased a subscription or otherwise signed up for a subscription to the CMS using either the RealSafe Website or through the RealSafe Application." Dkt. No. 12-1 at ¶ 18. Plaintiff did not file a reply to Defendant's opposition to the request to allow discovery.

The Court concludes that jurisdictional discovery is not necessary in this case. RSA has failed to make a "preliminary showing of jurisdiction" through "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Fielding,* 415 F.3d at 429. The evidence that RSA purportedly relies upon to support jurisdiction—downloads of the app and a website in Texas—does not exist according to Mr. Risi. RSA's request for jurisdictional discovery is foreclosed by Risi's declaration that neither the app nor the website has been utilized by a Texas

---

[1] *See also*, *21st Century Financial Services, Inc. v. Mandelbaum*, 2011 WL 3844209, at *2 (W.D. Tex. Aug. 30, 2011) ("Plaintiff has failed to demonstrated how deposing Mandelbaum (or any of the other individuals) would provide Plaintiff with evidence that would support personal jurisdiction in this case."); *Mohamed v. Erinys Intern. Ltd.*, 2010 WL 3359518, at *4 (S.D. Tex. Aug. 23, 2010) ("Even after the Court gave Plaintiffs an additional opportunity to respond to Erinys UK's motion to dismiss, Plaintiffs still have not specified what evidence they believe discovery would produce and how that evidence would support personal jurisdiction."); *Marine Geotechnics, LLC v. Williams*, 2009 WL 2144358, at *5 (S.D. Tex. July 13, 2009) ("The story is fully told and does not indicate that further discovery would reveal a smoking jurisdictional gun.").

resident or from a Texas location. *See ETS-Lindgren, Inc.,* 2015 WL 6756186 at *5-*6. Plaintiff fails to identify any other jurisdictional facts it could reasonably hope to learn through discovery. Thus, there is little reason to believe that jurisdictional discovery will lead to evidence to support Plaintiff's position on the Defendants' motion. *See Springboards to Educ., Inc. v. Hamilton Cty. Read 20*, 2017 WL 3023489, at *4 (N.D. Tex. July 14, 2017) (disallowing jurisdictional discovery and holding that Plaintiff's allegations that Defendant had national partnerships, allowed people to register for a reading pledge, took donations, and offered apps for download—"fail[ed] to meet the minimum threshold for specific jurisdiction.")

Based upon the foregoing, Plaintiff Real Safe Agent, Inc.'s Motion for Leave to Conduct Discovery as to Jurisdiction (Dkt. No. 14) is **DENIED**. Plaintiff RSA is **ORDERED** to file a Response to Defendants' Amended Motion to Dismiss on or before February 23, 2018.

SIGNED this 9 day of February, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE