# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| REAL SAFE AGENT, INC. | § | |
| | § | |
| v. | § | A-17-CA-975 LY |
| | § | |
| REAL SAFE TECH., INC., et al. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are Defendants Real Safe Technologies, Inc., and Realsaf, LLC's Amended Motion to Dismiss (Dkt. No. 12); Plaintiff's Response (Dkt. No. 18); and Defendants' Reply (Dkt. No. 19). The District Court referred these Motions to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules.

This is a trademark case. The plaintiff—Real Safe Agent, Inc. is a Texas corporation with its principal place of business in Austin. The defendant—Real Safe Technologies, Inc., is a Delaware corporation with its principal place business in New Port Beach, California. Defendant Realsaf, LLC is a Wyoming corporation with its principal place of business at the same California address as Real Safe Technologies.

In 2015, Real Safe Agent launched the Real Safe Agent security system and app, which is designed to help protect real estate agents in the field. Two years later, it filed a U.S. trademark application for the mark "REALSAFE" in Class 036, for real estate agency services, claiming a date of first use of January 2, 2015. Real Safe Agent also filed an intent to use trademark application on August 4, 2017, in Class 009 for computer software for crime prevention in schools and on campuses.

In October 2016, Realsaf, LLC filed Articles of Incorporation with the Wyoming Secretary of State. On October 25, 2016, it filed an intent to use trademark application for the mark "REAL SAFE." In the description of goods and services, Realsaf, LLC claimed "installation, maintenance and repair of cell phone related hardware" under Class 037, and "installation, maintenance, and repair of cell phone related software" under Class 042. On that same day, Real Safe Technologies filed an intent to use trademark application for the mark "REALSAFE" listing the same descriptions of goods and services but also showing date of first use as January 1, 2017, and date of first use in commerce as May 1, 2017.

In September 2017, Real Safe Technologies released its RealSafe app to the public. The next month, an attorney for Real Safe Technologies sent a cease and desist letter to Real Safe Agent, claiming it was infringing Real Safe Technologies' REALSAFE mark, and threatening to file oppositions to Real Safe Agent's pending trademark applications. Further, Chris Risi, the co-founder of Real Safe Technologies filed requests with Apple and Google to have the Real Safe Agent app removed from the iTunes and Google Play app stores, respectively, claiming trademark infringement. Days later, Real Safe Agent file this lawsuit, alleging claims for false designation and dilution under 15 U.S.C. §1125, trademark infringement and fraudulent registration under the Texas Business & Commerce Code, common law trademark infringement, common law unfair competition and tortious interference with existing and prospective business relationships.

Defendants move to dismiss this action under Rule 12(b)(2) for lack of personal jurisdiction, or under Rule 12(b)(3) for improper venue. Alternatively, they move to transfer venue to the District of Arizona under 28 U.S.C. § 1404(a). Real Safe Agent concedes it cannot meet its burden to show that this Court has jurisdiction over Defendants. It requests that the Court not dismiss the case, and

instead transfer it to the Southern District of California, where it asserts personal jurisdiction over Realsaf, LLC, is proper, as its principal place of business is located in Newport Beach, California. Defendants assert that Newport Beach is not located in the Southern District of California.

Personal jurisdiction is "an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal quotations and alterations omitted); *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 436 (2007). A court should therefore normally resolve personal jurisdiction issues before addressing other matters such as improper venue. When a defendant has moved for dismissal pursuant to Rule 12(b)(2) for lack of personal jurisdiction, it is a plaintiff's burden to make a prima facie showing of personal jurisdiction. *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999). Here, Real Safe Agent concedes it cannot meet its burden to show the Court has jurisdiction over Defendants. Thus, the claims against Defendants should be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2).[1]

### III. RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that the district judge **GRANT IN PART** Defendants Real Safe Technologies, Inc., and Realsaf, LLC's Amended Motion to Dismiss (Dkt. No. 12), **DISMISS** Plaintiff's Complaint **WITHOUT PREJUDICE** for lack of

---

[1] Because the Court lacks personal jurisdiction over Defendants, it does not need to reach Defendants' improper venue argument. However, venue is also clearly improper here. Venue is proper in a district where any defendant resides, if all defendants are residents of the same state; or where a substantial part of the events giving rise to the claim occurred; or if there is no such district, then in any district in which any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b). This district does not fit into any of these categories.

personal jurisdiction, and **DENY** the remainder of the relief requested in the Motion. It is **ORDERED** that this cause of action be **REMOVED** from the undersigned's docket.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 29th day of May, 2018.

                                                  ANDREW W. AUSTIN
                                                UNITED STATES MAGISTRATE JUDGE